UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES BARTHELMES and <br> VIRGINIA BARTHELMES, <br><br> Plaintiffs, <br><br> v. <br><br> KIMBERLY-CLARK CORPORATION, and <br> KIMBERLY-CLARK GLOBAL SALES, LLC., <br><br> Defendants. | Civil Action No. 13-30164-MGM |

<u>MEMORANDUM AND ORDER REGARDING REPORT AND
RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS</u>
(Dkt. Nos. 7, 24)

March 27, 2015

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

James Barthelmes ("James") was employed with Kimberly-Clark Corporation and Kimerbly-Clark Global Sales, LLC. ("Defendants"),[1] between 1980 and early 2012, when he was terminated. James and Virginia ("Virginia") Barthelmes ("Plaintiffs") filed a complaint alleging Defendants terminated James with the wrongful purpose of "depriv[ing] [him] of [b]onus compensation, reduc[ing] [his] [l]ife insurance policy...depriving [him] from vesting 100% of his pension, and

---

[1] Plaintiffs identify Defendant, Kimberly Clark Corporation, as the "'nerve center' where the corporation's officers direct, control and coordinate the corporation's activities", and they identify Defendant, Kimberly-Clark Global Sales, LLC, as "a wholly owned subsidiary" of the Kimberly-Clark Corporation. (Dkt. No. 1, Compl. ¶ 3, 4.) Since neither Defendant launched any independent arguments, and since they filed their motions together, they will be referred to as "Defendants" throughout this opinion.

further depriv[ing] [him] from [other] benefits."[2] (Dkt. No. 1, Compl. ¶ 31.) Defendants have moved to dismiss the complaint in part.

This case was originally assigned to Judge Ponsor, who referred the motion to Magistrate Judge Neiman for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). The case was later assigned to this court. After Judge Neiman issued his R&R, Defendants and Plaintiffs filed timely objections. After having reviewed the complaint, the original motion and opposition, the R&R, and the parties' objections, the court adopts Judge Neiman's recommendation in full for the reasons set forth below.

## II. PROCEDURAL HISTORY

On September 30, 2013, Plaintiffs filed a complaint against Defendants, stating claims for breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), wrongful termination (Count III), violation of ERISA (Count IV), fraud and deceit (Count V), negligent misrepresentation (Count VI), promissory estoppel (Count VII), unjust enrichment (Count VIII), slander and libel (Count IX), interference with a contractual relationship (Count X), interference with an advantageous relationship (Count XI), Conspiracy (Count XII), and intentional and negligent infliction of emotional distress (Count XIII), and, on behalf of Virginia, for loss of consortium (XIV). (Dkt. No. 1, Compl.)

Defendants filed a partial motion to dismiss (Dkt. No. 7; Dkt. No. 8, Memorandum in Support of Defendants' Motion to Dismiss ("Deft. Mem.")), as well as an answer (Dkt. No. 9), on

---

[2] Judge Neiman summarizes Plaintiffs' factual allegations in more detail in his R&R. Interpretation of those allegations appropriate for this court's review will be discussed in this opinion.

December 16, 2013,[3] in which they sought dismissal of all claims except for the promissory estoppel and unjust enrichment claims (Counts VII and VIII). On January 6, 2014, Judge Ponsor allowed the motion because it was not opposed. (Dkt. No. 10.) Then, on January 21, 2014, Plaintiffs filed a motion to vacate the partial dismissal with respect to counts I-VI, IX, and XII, and for leave to file an opposition to the motion to dismiss. (Dkt. No. 13.) Finding excusable neglect, Judge Ponsor allowed this motion. (Dkt. No. 17.) Plaintiffs filed a memorandum opposing the motion to dismiss on January 21, 2014. (Dkt. No. 14, Plaintiffs' opposition memorandum ("Pltf. Opp. Mem.").)

Plaintiffs did not move to vacate Defendants' motion to the extent it requests dismissal of Counts X, XI, XIII, or XIV, the court considers those claims effectively dismissed and will not discuss them further. The court also notes that Defendants have not sought dismissal of Counts VII and VIII; as a result, these counts will not be discussed further in this opinion.

On August 11, 2014, Judge Neiman recommended that Defendants' partial motion to dismiss be allowed with regard to Counts III (Wrongful Termination), IV as to Virginia (ERISA violation), VI (Negligent Misrepresentation), IX (Slander and Libel), and XII (Conspiracy). He also recommended the motion be granted to the extent it requests dismissal of the portion of Count I (Breach of Contract) which concerns James's severance package, but otherwise denied as to Count I. He further recommended the motion be denied to the extent it requests dismissal of Counts II (Breach of Covenant of Good Faith and Fair Dealing), IV with regard to James (ERISA Violation) and V (Fraud and Deceit).

On August 25, 2014, Defendants filed a memorandum objecting to Judge Neiman's findings as to Counts I, II, IV, and V. (Dkt. No. 28, Defendants' objection memorandum ("Deft. Obj.

---

[3] The court notes, as did Judge Neiman in his R&R, that filing a motion to dismiss and an answer at the same time is technically improper. See Fed. R. Civ. P. 12(b) (defenses "must be made before pleading").

Mem.") 9.) On August 25, 2014, Plaintiffs also filed a memorandum objecting to the R&R (Dkt. No. 27, Plaintiffs' Objection Memorandum ("Pltf. Obj. Mem.")), which they amended that same day. (Dkt. No. 29.) Plaintiffs objected to Judge Neiman's recommendation of dismissal on:: "breach of contract, Count I (as to [James's] severance package only); wrongful termination, Count III; negligent representation, Count VI; and slander and libel, Count IX."[4] (Dkt. No. 27, Pltf. Obj. Mem. 1.) On September 8, 2014, Defendants filed a reply to Plaintiffs' objection memorandum. (Dkt. No. 30.) Plaintiffs did not reply to Defendants' objection memorandum.

### III. STANDARD

#### A. Report and Recommendation

A District Court may refer pending motions to a Magistrate Judge for a Report and Recommendation. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b). Any party adversely affected by the recommendation issued may file written objections within ten days of being served with the Report and Recommendation. See 28 U.S.C. §636(b)(1). Arguments or available evidence not raised before the Magistrate Judge are deemed waived. See Guzman-Ruiz v. Hernandez-Colon, 406 F.3d 31, 36 (1st Cir. 2005).

A party that files a timely objection is entitled to a de novo determination of those portions of the report, specified proposed findings, or recommendations, to which a specific objection is made. See U.S. v. Raddatz, 447 U.S. 667, 673 (1980); but see Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) (a party objecting to a report and recommendation is "not entitled to a de novo review of an argument never raised" before the magistrate). In conducting its

---

[4] Since Plaintiffs do not object to Judge Neiman's recommendation with respect to Counts IV and XII, the court adopts the R&R with respect to those counts and therefore deems them dismissed. These counts will not be discussed further in this opinion.

review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (a)(b)(1); see Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

### B. Motion to Dismiss

To survive a 12(b)(6) motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the factual allegations in the complaint must "nudge[] [the] claims across the line from conceivable to plausible." Id. at 570. A claim has facial plausibility when the plaintiff pleads factual content from which the court can reasonably infer the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Determining whether a complaint states a plausible claim for relief" is a context-specific task that requires "the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Courts are not required to accept as true those allegations in a complaint which are legal conclusions. Id. at 678. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. Therefore, in assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. See San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá, 687 F.3d 465, 471 (1st Cir. 2012).

### IV. ANALYSIS

### A. Breach of Contract (Count I)

5

As Judge Neiman explained, Plaintiffs "assert[ed] three theories of liability for breach of contract: (1) that Kimberly-Clark breached an agreement with James by changing performance ratings contrary to written promises not to do so, (2) by evaluating James's performance contrary to established criteria, and (3) by failing to pay James bonus compensation owed as well as a severance package in accordance with written guidelines and promises made to him." (Dkt. No. 24, Report and Recommendation with Regard to Def.'s Partial Mot. to Dismiss ("R&R") 7.) Judge Neiman recommended that Defendant's motion to dismiss James's breach of contract claim be allowed with regard to his severance package, but otherwise be denied. (Dkt. No. 24, R&R 9-10.) For the reasons that follow, the court agrees with Judge Neiman's findings on this issue, and therefore adopts his recommendation.

(1) Plaintiffs' Objections

Judge Neiman found James has failed to plead facts regarding the specific internal guideline he alleges Defendants breached. James argues it would have been unnecessary to discuss these internal guidelines in his complaint. (Dkt. No. 27, Pltf. Obj. Mem. 3.) James further asserts his pleading is sufficient in this regard because he alleged in his complaint that Defendant informed him the "severance package he was offered was significantly less than [he] would otherwise be entitled to" as a result of his being terminated from his employment due to poor work performance. (Id. (citing Compl. ¶ 29).) The court finds James's argument unavailing, as did Judge Neiman.

If Defendants wrongfully terminated James, he still has not sufficiently asserted a breach-of-contract claim based on his allegedly diminished severance package. On this specific point, Plaintiffs have not pled sufficient facts from which the court may infer that an offer, acceptance, and an exchange of consideration or meeting of the minds occurred with respect to the purported severance package. See Boston Prop. Exch. Transfer Co. v. Iantosca, 834 F. Supp. 2d 4, 10 (D.

6

Mass. 2011). Plaintiffs' recitation of Defendants' words alone do not suffice to meet the requisite elements of a contract involving a specific severance package. Establishing a valid contract is a prerequisite for the inference that it may have been breached. See id.

(2) Defendants' Objections

Finding there was a specific contract between the parties with respect to work performance evaluation criteria, Judge Neiman denied Defendants' motion to dismiss as to the remainder of Count I. In their objection memorandum, Defendants effectively concede that an employee handbook or personnel manual may form the basis of an employment contract. (Dkt. No. 28, Deft. Obj. Mem. 3.) See Beebe v. Williams College, 430 F. Supp. 2d 18, 23 (D. Mass. 2006). Defendants contend the complaint failed to identify "a specific contractual agreement that existed between him and defendants," specifically focusing on the complaint's reference to contractual terms beneath the Count I heading. (Dkt. No. 24, Deft. Obj. Mem. 3 (citing Compl. ¶37).)

In assessing whether a claim contains the requisite level of specificity, the First Circuit has "emphasize[d] that the complaint must be read as a whole." García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). Plaintiff has sufficiently specified the contractual provisions upon which this claim is based in his "Facts" section.[5] He has incorporated these factual allegations by reference beneath the Count I heading. (Dkt. No. 1, Compl. ¶34 ("The Plaintiff hereby incorporates Paragraphs 1-33 above as if fully stated herin.").) Therefore, the remainder of Plaintiffs' Count I survives.

**B. Breach of Covenant of Good Faith and Fair Dealing (Count II)**

---

[5] For example, Plaintiff has sufficiently pled he had a contractual employment relationship with Defendants, which was governed, in part, by Defendants' FAQ's list for employees. (See Compl. ¶ 9, 17, 35.) See Beebe v. Williams College, 430 F. Supp. 2d 18, 23 (D. Mass. 2006) (employee handbooks may form the basis of employment contracts).

Plaintiffs assert Defendants have violated their implied covenant of good faith and fair dealing, implied by the formation of a contract with James, pursuant to MASS. GEN. LAWS ch. 106. In his Report and Recommendation, Judge Neiman declined to dismiss this count, explaining employment contracts inevitably entail covenants of good faith and fair dealing. (Dkt. No. 24, R&R 10 (citing Ray v. Ropes & Gray LLP, 961 F. Supp. 2d 344, 353 (D. Mass. 2013).) In their objection memorandum, Defendants argue Count II should be dismissed because the complaint does not specify the precise contractual agreement for which the covenant of good faith and fair dealing was breached. (Dkt. No. 28, Deft. Obj. Mem. 4-5.)

In describing how a contract was breached in the immediately preceding section of their complaint, Plaintiffs specifically alleged various contractual terms of James's employment contract were breached (Compl. ¶37). They did not, however, allege that various separate contracts between the parties were breached, as Defendants contend.[6] (Dkt. No. 28, Deft. Obj. Mem. 5.) Therefore, in this light, it is clear the specific contract referenced by Plaintiff is, in fact, his employment contract.[7]

For this reason, the court adopts Judge Neiman's recommendation on this claim, and accordingly denies Defendants' motion to dismiss Count II.

### C. Wrongful Termination (Count III)

---

[6] Though the court acknowledges that Judge Neiman did identify three different theories of contractual liability in his R&R, in fact, all of those theories constitute plausible ways in which Plaintiff's single employment contract may have been breached. (Dkt. No. 24, R&R 7.)

[7] Insofar as there remains any ambiguity pertaining to the exact contract to which James refers in Count II, it will henceforth be interpreted solely as the parties' contract for James's employment.

Plaintiffs assert James was wrongfully terminated by Defendants (Count III).[8] Judge Neiman granted the motion to dismiss Plaintiffs' wrongful termination claim in full, finding it was preempted by ERISA. (Dkt. No. 24, R&R 11-12 ("ERISA preempts a wrongful termination claim based on a plaintiff's allegations that his employer terminated him to deny vesting of pension benefits." (citing Treadwell v. John Hancock Mut. Life Ins. Co., 666 F. Supp. 278, 282 (1987)).) Insofar as James claims he was wrongfully terminated so that his benefits (broadly-speaking) would not vest,[9] the court agrees with Judge Neiman's legal assessment. (Dkt. No. 24, R&R 11-12.) See Treadwell, 666 F. Supp. at 282 (1987) ("ERISA 'supersede[s] any and all State laws insofar as they may now or hereinafter relate to any employment benefit plan' covered by the Act." (quoting 29 U.S.C. § 1144(a)).

In Plaintiffs' objection memorandum, they argue James's wrongful termination claim was not preempted because it denied him specifically-identified benefits allegedly not covered by ERISA. (Dkt. No. 27, Pltf. Obj. Mem. 3-5.) This objection memorandum, therefore, constitutes the first instance in which Plaintiff has asserted the specific benefits he believes serve as grounds for his wrongful termination claim. See Twombly, 550 U.S. at 555, 127 S. Ct. at 1964 (complaint must "give the defendant fair notice of what the…claim is and the grounds upon which it rests"). As one of those specifically-identified benefits, James now asserts that ERISA does not cover a termination executed with the impermissible purpose of preventing an employee's stock options from vesting.[10]

---

[8] In Plaintiffs' original opposition memorandum, they asserted they are "pursuing a public policy exception [to the general rule that at-will employees are terminable at any time with or without cause] based on the efforts of Defendants to deprive him of [his] pension benefits." (Dkt. No. 14, Pltf. Opp. Mem. 14.)

[9] Plaintiff's claim was articulated in this broad terminology in both his complaint, as well as his original memorandum opposing Defendant's motion to dismiss. (Dkt. No. 14, Pltf. Opp. Mem. 14.)

[10] Plaintiff also argues that his bonus compensation and life insurance do not fall under the meaning of ERISA.

Regardless of whether James's new argument has merit,[11] however, the court will not express an opinion as to the merit of this argument at this stage.

Although 28 U.S.C. § 636(b)(1)(C) gives parties the right to de novo review for specific parts of reports and recommendations to which they properly object, those parties are "not entitled to a de novo review of an argument never raised." See Borden v. Sec'y. of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); 28 U.S.C. § 636(b)(1)(C). "The law is clear that when a dispositive motion is heard before a [M]agistrate [J]udge, the movant must make all her arguments then and there, and cannot later add new arguments at subsequent stages of the proceeding." Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 10 (1st Cir. 2000). Plaintiffs did not name these newly-identified specific benefits underlying Count III in the "wrongful termination" section of their complaint, nor did they discuss them in their opposition memorandum submitted to Judge Neiman. For these reasons, the court adopts Judge Neiman's recommendation with respect to this Count III, and therefore grants Defendants' motion to dismiss it.

**D. ERISA Violation (Count IV)**

Judge Neiman recommended granting Defendants' motion to dismiss Plaintiffs ERISA claim with regard to Virginia and a denial with regard to James. (Dkt. No. 24, R&R 17.) Plaintiffs have not objected to the dismissal of the claim with respect to Virginia. Defendants, however, object to the recommendation of partial denial on three grounds: (1) James has not alleged sufficient facts to give him standing; (2) Plaintiffs have not pled exhaustion of administrative remedies; (3) Plaintiffs

---

[11] See Murphy v. Inexco Oil Co., 611 F.2d 570, 575 (5th Cir. 1980) ("Under the statutory definition, therefore, the mere fact that some payments under a plan may be made after an employee has retired or left the company does not result in ERISA coverage."); e.g., Oatway v. Am. Int'l Grp., Inc., 325 F.3d 184, 189 (3d Cir. 2003) ("the AIG stock option agreements were not ERISA plans"); Segovia v. Schoenmann (In re Segovia), 404 B.R. 896, 916 (N.D. Cal. 2009) ("A stock option plan generally does not satisfy the pension plan definition and is therefore not subject to ERISA.").

have not alleged the requisite elements of their prima facie case. The court adopts Judge Neiman's recommendation on the ERISA count for the reasons that follow.

(1) <u>Standing</u>

The First Circuit has explained: "[t]he legislative history of ERISA indicates that Congress intended the federal courts to construe the Act's jurisdictional requirements broadly in order to facilitate enforcement of its remedial provisions." <u>Vartanian v. Monsanto Co.</u>, 14 F.3d 697, 702 (1st Cir. 1994). To determine whether a plaintiff has standing, the court must determine whether his or her claims fall within the "zone of interests" ERISA was designed to protect. <u>See</u> <u>id.</u> For the reasons articulated by Judge Neiman (Dkt. No. 24, R&R 14-16), James's claims falls within this "zone." <u>See id.</u> Therefore, James has standing to make this claim.

Since the complaint is devoid of any ERISA allegations pertaining to Virginia, it follows that the complaint has not sufficiently pled facts for the court to infer Virginia has standing. Accordingly, the court adopts Judge Nieman's recommendation and therefore grants the motion to dismiss Count IV as to Virginia.

(2) <u>Exhaustion</u>

Defendants argue the remainder of this claim must be dismissed because Plaintiffs have not asserted exhaustion or futility in their complaint. (Dkt. No. 28, Deft. Obj. Mem. 6-7.) The court, however, agrees with Judge Neiman and finds that it would be premature to address the exhaustion/futility argument at this stage. (Dkt. No. 24, R&R 17.) A claimant must exhaust administrative remedies before bringing suit under ERISA. <u>Freeman v. MetLife Group, Inc.</u>, 583 F. Supp. 2d 218, 224 (D. Mass. 2008); <u>see</u> <u>Santana v. Deluxe Corp.</u>, 12 F. Supp. 2d 162, 174-75 (1st Cir. 1998) (the First Circuit reads this requirement into the statute). The First Circuit has recognized an exception to this requirement, however, "when resort to the administrative route is futile or the

remedy inadequate." <u>Drinkwater v. Metropolitan Life Ins. Co.</u>, 846 F.2d 821, 826 (1st Cir. 1988) (internal quotations and corresponding citation omitted).

Though Defendant has supported his argument with several cases which rule for the defendant after finding the plaintiff has not shown exhaustion or futility at the summary judgment stage, the court is not aware of any First Circuit authority requiring a plaintiff to expressly plead futility in his complaint in this context. <u>See</u> <u>e.g.</u>, <u>Madera v. Marsh USA, Inc.</u>, 426 F.3d 56, 61-62 (1st Cir. 2005) (evaluating similar argument at summary judgment stage); <u>Terry v. Bayer Corp.</u>, 145 F.3d 28, 40 (1st Cir. Mass. 1998) (same); <u>Drinkwater</u>, 846 F.2d at 825-826 (same). By contrast, when evaluating the merits of a motion to dismiss, the District of Massachusetts has held that a plaintiff's futility showing was sufficient where defendant argued in his motion that the plaintiff failed to exhaust administrative remedies and the plaintiff then responded by asserting this would have been futile in his opposition memorandum. <u>See</u> <u>Freeman</u>, 583 F. Supp. 2d at 224. Similarly, here, Plaintiff responsively asserted (in his opposition memorandum) that "a jury could find that exhaustion would be futile in this case given the circumstances of the termination." (Dkt. No. 14, Pltf. Opp. Mem. 15.)

The court therefore agrees with Judge Neiman that the futility issue would be more appropriate to address at a later stage of the litigation, and accordingly denies the motion to dismiss on this ground.

(3) <u>Prima Facie Elements</u>

Defendants' objection memorandum does not specify the grounds for their disagreement with Judge Neiman's recommendation on this issue. Rather, it merely states: "Plaintiff has failed to even allege the[] essential elements" of an ERISA claim. (Dkt. No. 28, Deft. Obj. Mem. 7.) Having established that futility does not constitute an aspect of Plaintiffs' prima facie case which must be

12

pled in the complaint, the court finds all elements have been sufficiently alleged in the pleading, and accordingly adopts Judge Neiman's recommendation.

### E. Fraud and Deceit (Count V)

As a preliminary matter, Judge Neiman noted that, while the Plaintiffs label Count V "fraud and deceit," they do not treat these claims as distinct from one another; as a result, Judge Neiman considered them as a single fraud claim. (Dkt. No. 24, R&R 18.) The court agrees with Judge Neiman's assessment on this point, and treats Count V as a single fraud claim as well.

In their opposition submitted to Judge Neiman, Defendants argued this claim should be dismissed for only one reason. Specifically, they stated: "Plaintiff's claim for fraud and deceit, alleged in Count V, is barred because he has failed to plead facts constituting the alleged fraud with sufficient particularity." (Dkt. No. 8, Deft. Mem. 8.) Acknowledging the fraud claim is subject to the special pleading requirements of Fed. R. Civ. P. 9(b), Judge Neiman nevertheless found it was sufficiently pled and therefore recommended the court deny the motion to dismiss this claim. (Dkt. No. 24, R&R 18-19.) The court adopts Judge Neiman's recommendation.

In their objection memorandum, Defendants raise, for the first time, the argument that Plaintiffs did not adequately plead reliance. Nei v. Burley, 388 Mass. 307, 311 (Mass. 1983) ("Reliance is an element of actionable fraud."). As Defendants correctly point out in their objection memorandum, Judge Neiman recommended dismissal of Plaintiff's negligent misrepresentation claim because reliance was not adequately pled. (Dkt. No. 24, R&R 20-21.) See generally Brennan v. GTE Gov't Sys. Corp., 150 F.3d 21, 30 (1st Cir. 1998) (claims of negligent misrepresentation require, inter alia, "a reasonable reliance by the plaintiff").

By failing to raise this argument in front of Judge Neiman originally, however, Defendants have effectively waived it for the purposes of this motion to dismiss. See Guzman-Ruiz v.

13

Hernandez-Colon, 406 F.3d 31, 36 (1st Cir. 2005) (Arguments or available evidence not raised before the magistrate-judge are deemed waived.). For that reason, regardless of whether this argument has merit, it is not properly before this court.

### F. Negligent Misrepresentation (Count VI)

In his evaluation of Plaintiffs' negligent misrepresentation claim, Judge Neiman found a failure "to plead any facts regarding James's reliance on [Defendant's purported] representation, let alone reasonable reliance." (Dkt. No. 24, R&R 20-21.) The court agrees with this assessment. See Brennan, 150 F.3d at 30. Therefore, the negligent misrepresentation claim is dismissed.

### G. Slander and Libel (Count IX)

The court agrees with Judge Neiman's finding that a state's tort-specific heightened pleading standard does not apply in federal court; instead, the relatively lenient federal pleading standard applies pursuant to the Erie Doctrine. (Dkt. No. 24, R&R 21-23.) See Gaetani v. Hadley, 2015 WL 113900, at *7 (D. Mass. Jan. 8, 2015) (The "Erie Doctrine requires this court to apply state substantive law and federal procedural law when exercising diversity or supplemental jurisdiction"; and therefore, though Plaintiff technically brings claims under Massachusetts law, "'state pleading requirements...are irrelevant for these purposes." (quoting Andresen v. Diorio, 349 F.3d 8, 17 (1st Cir. 2003)).

Judge Neiman recommended dismissal of this claim because "[a]n employer has a conditional privilege to disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer's legitimate interest in the fitness of an employee to perform his or her job." (Dkt. No. 24, R&R 23 (quoting McCone v. New England Tel. & Tel. Co., 471 N.E.2d 47, 51 (Mass. 1984).) An employer loses this privilege where he acts recklessly, and this can result from "excessive publication" of the statement in question. See Foley v.

Polaroid Corp., 508 N.E.2d 72, 79-80 (Mass. 1987); accord Lyons v. National Car Rental Sys., 30 F.3d 240, 244 (1st Cir. 1994) ("A finding of recklessness is necessary to overcome a conditional privilege."). In a situation and context similar to this one, the District of Massachusetts found insufficient allegations of "excessive publication" because the plaintiff had not alleged the statements in question had been "recklessly published to outsiders." Galdauckas v. Interstate Hotels Corp. No. 16, 901 F. Supp. 454, 471 (D. Mass. 1995) (citing McCone, 471 N.E.2d at 50-51). Accordingly, Judge Neiman found that Plaintiffs did not adequately plead a reckless action by Defendants, here, because Plaintiffs have not alleged the statement (or statements) in question were published to outsiders. (Dkt. No. 24, R&R 23-25.) It follows that Plaintiffs did not sufficiently allege that Defendants forfeited their conditional privilege, as Judge Neiman explained. See McCone, 471 N.E.2d at 51. The court agrees.

In their objection memorandum, Plaintiffs argue the statements in question were, in fact, excessively published because they were not generated in accordance with Defendant's employer policy. (Dkt. No. 27, Pltf. Obj. Mem. 7-8.) Plaintiffs also support this argument by stating they pled five consecutive years of defamatory statements. (Dkt. No. 27, Pltf. Obj. Mem. 7-8.) Ultimately, however, since Plaintiffs failed to demonstrate the statements in question were published to outsiders, their argument is unavailing. See Galdauckas, 901 F. Supp. at 471.

For this reason, the court adopts Judge Neiman's recommendation and grants Defendants' motion to dismiss Plaintiffs' "Slander and Libel" claim (Count IX).

## V.  CONCLUSION

For the reasons set forth above, the Report and Recommendation of the Magistrate Judge (Dkt. No. 24), upon de novo review, is hereby ADOPTED in its entirety. Defendants' partial motion to dismiss is ALLOWED with regard to Counts III, IV (as to Virginia), VI, IX and XII.

Additionally, the motion is allowed with respect to the portion of Count I which concerns James's severance package. Otherwise, the motion is denied with respect to the remainder of Count I, as well as Counts II, IV (with regard to James) and V.

The court notes, as did Judge Neiman, that Counts X, XI, XII, and XIV have already been dismissed. The court also reiterates that Defendants have not sought dismissal of Counts VII and VIII. Finally, since Judge Neiman recommended dismissal of Counts IV and XII and Plaintiff did not object to dismissal of those specific counts, they are dismissed as well.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge